UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRYAN P. BONHAM,<br><br>　　　　　　　　　Plaintiff,<br>v.<br>STATE OF NEVADA EX REL, *et al.*,<br>　　　　　　　　　Defendants. | Case No. 2:20-cv-01768-RFB-EJY<br><br>SCREENING ORDER |

Plaintiff, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983, and has filed an application to proceed *in forma pauperis*. (ECF Nos. 1, 1-1.) The matter of the filing fee will be temporarily deferred. The Court now screens Plaintiff's civil rights complaint under 28 U.S.C. § 1915A.

**I.    SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* §§ 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails

1

to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *See Id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining

whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by an incarcerated person may be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.   SCREENING OF COMPLAINT

In the complaint, Plaintiff sues multiple Defendants for events that took place while Plaintiff was incarcerated at High Desert State Prison ("HDSP").  (ECF No. 1-1 at 1.) Plaintiff sues Defendants State of Nevada ex rel,[1] Nevada Dept of Corrections,[2] Charles Daniels, H. Wickham, Calvin Johnson, and V. Johnson.  (ECF No. 1-1 at 2.)  Plaintiff alleges five counts and seeks declaratory, injunctive, and monetary relief.  (*Id.* at 3-16.)

The complaint alleges the following:  Plaintiff was transferred to HDSP on January 15, 2020.  (*Id.* at 3.)  On February 3, 2020, Plaintiff was placed in his new unit and cell. (*Id.*)  Over the next two months, Plaintiff only received outdoor yard time for four or five one-hour sessions in total.  (*Id.*)  From April 2020, until August 22, 2020, Plaintiff did not receive any outdoor yard time.  (*Id.*)  During these months, Plaintiff was only allowed outside three times, for five minutes each time, twice when he was moving units, and once when he went to a medical appointment.  (*Id.* at 4.)  As a result of the lack of outdoor

---

[1] The Court dismisses with prejudice all claims against the State of Nevada, as amendment would be futile.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989) (holding that states are not persons for purposes of § 1983).

[2] The Court dismisses, with prejudice, all claims against the NDOC because the NDOC is an arm of the State of Nevada and is not a "person" for purposes of 42 U.S.C. § 1983 and, as such, amendment would be futile.  *See Doe v. Lawrence Livermore Nat. Lab.*, 131 F.3d 836, 839 (9th Cir. 1997);  *Black v. Nevada Dep't of Corr.*, 2:09-cv-2343-PMP-LRL, 2010 WL 2545760, *2 (D. Nev. June 21, 2010).

1

exercise, Plaintiff has been suffering through bouts of depression and his muscles have tightened up. (*Id.* at 6.)

Plaintiff filed grievances over this issue, and Defendants Wickham, Calvin Johnson, and V. Johnson each denied his grievances. (*Id.* at 11-12.) Based on these allegations, Plaintiff alleges that the Defendants violated the Fifth Amendment, the Eighth Amendment, and the Fourteenth Amendment.[3] (*Id.* at 3)

Plaintiff does not explain the basis of either his Fifth or Fourteenth Amendment claims. The Court notes that "[t]he Fifth Amendment prohibits the federal government from depriving persons of due process, while the Fourteenth Amendment explicitly prohibits deprivations without due process by the several States." *Castillo v. McFadden*, 399 F.3d 993, 1002 n.5 (9th Cir. 2005). However, none of the allegations in the complaint are about federal actors, and none of the allegations appear to give rise to a due process issue. As such, the Court dismisses any due process claim under either the Fifth or Fourteenth Amendments without prejudice. The Court construes Plaintiff's Eighth Amendment claim as a conditions of confinement claim and Plaintiff's Fourteenth Amendment claim as an equal protection claim. The Court will consider these claims in turn.

**A. Conditions of Confinement**

The "treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). However, "[p]rison

---

[3] Plaintiff also references the Supremacy Clause. (ECF No. 1-1 at 3.) It appears that Plaintiff is arguing that Fifth Amendment due process clause applies to the states through the Supremacy Clause. (*Id.*) To the extent that Plaintiff is attempting to bring a cause of action based on the Supremacy Clause, the court notes that the Supremacy Clause is not the source of any federal rights and "certainly does not create a cause of action." *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 325 (2015). Rather the Supremacy Clause provides that Courts "must not give effect to state laws that conflict with federal laws." (*Id* at 324.) Accordingly, to the extent that Plaintiff is attempting to bring any claim pursuant to the Supremacy Clause, the Court dismisses any such claim with prejudice, as amendment would be futile.

1

officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). When determining whether the conditions of confinement meet the objective prong of the Eighth Amendment analysis, the court must analyze each condition separately to determine whether that specific condition violates the Eighth Amendment. *See Wright v. Rushen*, 642 F.2d 1129, 1133 (9th Cir. 1981). As to the subjective prong of the Eighth Amendment analysis, prisoners must establish prison officials' "deliberate indifference" to the unconstitutional conditions of confinement to establish an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). When considering the conditions of confinement, the court should consider the amount of time to which the prisoner was subjected to the condition. *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005).

With respect to Plaintiff's Eighth Amendment claim regarding exercise, the Ninth Circuit has recognized that "[d]eprivation of outdoor exercise violates the Eighth Amendment rights of inmates confined to continuous and long-term segregation." *Keenan v. Hall*, 83 F.3d 1083,1089 (9th Cir. 1996). However, "a temporary denial of outdoor exercise with no medical effects is not a substantial deprivation." *May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997).

A defendant is liable under 42 U.S.C. § 1983 "only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under [§]1983." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (holding that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

The Court finds that Plaintiff states a colorable conditions of confinement claim. The Court liberally construes the complaint as alleging that in February and March of 2020 Plaintiff was only allowed a total of four or five hours of outdoor exercise. In the following five months, he was not allowed any outdoor exercise at all, and was only allowed outside a few times when walking between buildings. Plaintiff has informed Defendants Wickham, Calvin Johnson, and V. Johnson about the ongoing denials of outdoor exercise and none of them have acted to ensure that he receives outdoor exercise. These allegations are sufficient to state a colorable claim on screening. *See Lopez v. Smith*, 203 F.3d 1122, 1133 (9th Cir. 2000) (recognizing that the plaintiff-inmate met the objective requirement of the Eighth Amendment when he alleged that he had been allowed only 45 minutes of outdoor exercise per week during a six-week period). This claim will proceed against Defendants Wickham, Calvin Johnson, and V. Johnson.

The Complaint is not clear on whether Plaintiff is seeking damages or injunctive relief against Defendants Daniels. The only allegation about Defendant Daniels is that as the director of NDOC he allowed the alleged constitutional violations to happen. (ECF No. 1-1 at 5.) This allegation is insufficient to support that Daniels participated in the alleged violations, and as such, the complaint does not state a colorable claim against Daniels personally. However, '[a] plaintiff seeking injunctive relief against the State is not required to allege a named official's personal involvement in the acts or omissions constituting the alleged constitutional violation." *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013) "Rather, a plaintiff need only identify the law or policy challenged as a constitutional violation and name the official within the entity who can appropriately respond to injunctive relief.") The Court liberally construes the complaint as naming Daniels as the individual who can appropriately respond to injunctive relief. As such, Plaintiff's claims for injunctive relief may proceed against Daniels.

**B. Equal Protection**

The Equal Protection Clause of the Fourteenth Amendment is essentially a direction that all similarly situated persons be treated equally under the law. *City of*

1

*Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). In order to state an equal protection claim, a plaintiff must allege facts demonstrating that defendants acted with the intent and purpose to discriminate against him based upon membership in a protected class, or that defendants purposefully treated him differently than similarly situated individuals without any rational basis for the disparate treatment. *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001); *see also Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Plaintiff fails to allege a colorable equal protection claim. The complaint includes some vague allegations about other inmates who might have been in general population being provided outdoor exercise while Plaintiff, who is in protective segregation was not provided outdoor exercise. (ECF No. 1-1 at 10.) Plaintiff also alleges that inmates at other NDOC facilities are provided more outdoor yard time than inmates at HDSP. (*Id.*) But Plaintiff is not similarly situated to inmates in general population or those in other NDOC facilities. As such, the complaint fails to state a colorable equal protection claim, and the Court dismisses this claim without prejudice.

**III.    CONCLUSION**

For the foregoing reasons, it is ordered that a decision on the application to proceed *in forma pauperis* (ECF No. 8) is deferred.

It is further ordered that the Clerk of the Court file the complaint (ECF No. 1-1) and send Plaintiff a courtesy copy of the complaint.

It is further ordered that Plaintiff's Eighth Amendment conditions of confinement claim will proceed against Defendants Wickham, Calvin Johnson, and V. Johnson. This claim will proceed against Daniels for injunctive relief only.

It is further ordered that any due process claim under the Fifth or Fourteenth Amendments is dismissed without prejudice.

It is further ordered that Plaintiff's equal protection claim is dismissed without prejudice.

1

It is further ordered that any claim under the Supremacy Clause is dismissed with prejudice, as amendment would be futile.

It is further ordered that Defendants State of Nevada ex rel and Nevada Dept of Corrections are dismissed from the entirety of this action with prejudice, as amendment would be futile.

It is further ordered that given the nature of the claim(s) that the Court has permitted to proceed, this action is **STAYED** (with the exception of the resolution of the preliminary injunction motion (ECF No. 3) )for 90 days to allow Plaintiff and Defendant(s) an opportunity to settle their dispute before the $350.00 filing fee is paid, an answer is filed, or the discovery process begins.  During this 90-day stay period and until the Court lifts the stay, no other pleadings or papers shall be filed in this case, and the parties shall not engage in any discovery, nor are the parties required to respond to any paper filed in violation of the stay unless specifically ordered by the Court to do so.  However, during the stay, the parties may file and respond to pleadings related to Plaintiff's motion for preliminary injunction (ECF No. 3). The parties may also be required to produce discovery regarding this motion. The Court will refer this case to the Court's Inmate Early Mediation Program, and the Court will enter a subsequent order.  Regardless, on or before 90 days from the date this order is entered, the Office of the Attorney General shall file the report form attached to this order regarding the results of the 90-day stay, even if a stipulation for dismissal is entered prior to the end of the 90-day stay. If the parties proceed with this action, the Court will then issue an order setting a date for Defendants to file an answer or other response.  Following the filing of an answer, the Court will issue a scheduling order setting discovery and dispositive motion deadlines.

It is further ordered that "settlement" may or may not include payment of money damages.  It also may or may not include an agreement to resolve Plaintiff's issues differently.  A compromise agreement is one in which neither party is completely satisfied with the result, but both have given something up and both have obtained something in return.

It is further ordered that if the case does not settle, Plaintiff will be required to pay the full $350.00 filing fee.  This fee cannot be waived.  If Plaintiff is allowed to proceed *in forma pauperis,* the fee will be paid in installments from his prison trust account.  28 U.S.C. § 1915(b).  If Plaintiff is not allowed to proceed *in forma pauperis*, the $350.00 will be due immediately.

It is further ordered that if any party seeks to have this case excluded from the inmate mediation program, that party shall file a "motion to exclude case from mediation" on or before 21 days from the date of this order.  The responding party shall have 7 days to file a response.  No reply shall be filed.  Thereafter, the Court will issue an order, set the matter for hearing, or both.

It is further ordered that the Clerk of the Court shall electronically **SERVE** a copy of this order and a copy of Plaintiff's complaint (ECF No. 1-1) on the Office of the Attorney General of the State of Nevada, by adding the Attorney General of the State of Nevada to the docket sheet.  This does not indicate acceptance of service.

It is further ordered that the Attorney General's Office shall advise the Court within 21 days of the date of the entry of this order whether it will enter a limited notice of appearance on behalf of Defendants for the purpose of settlement.  No defenses or objections, including lack of service, shall be waived as a result of the filing of the limited notice of appearance.

DATED THIS  1st day of February, 2020.

_____
RICHARD F. BOULWARE, II
United States District Court

1

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BRYAN P. BONHAM,

    Plaintiff,

v.

STATE OF NEVADA EX REL, et al.,

    Defendants.

Case No. 2:20-cv-01768-RFB-EJY

REPORT OF ATTORNEY GENERAL RE: RESULTS OF 90-DAY STAY

**NOTE: ONLY THE OFFICE OF THE ATTORNEY GENERAL SHALL FILE THIS FORM. THE INMATE PLAINTIFF SHALL NOT FILE THIS FORM.**

On _____ [*the date of the issuance of the screening order*], the Court issued its screening order stating that it had conducted its screening pursuant to 28 U.S.C. § 1915A, and that certain specified claims in this case would proceed. The Court ordered the Office of the Attorney General of the State of Nevada to file a report ninety (90) days after the date of the entry of the Court's screening order to indicate the status of the case at the end of the 90-day stay. By filing this form, the Office of the Attorney General hereby complies.

## REPORT FORM

[Identify which of the following two situations (identified in bold type) describes the case, and follow the instructions corresponding to the proper statement.]

**Situation One: Mediated Case**: **The case was assigned to mediation by a court-appointed mediator during the 90-day stay.** [If this statement is accurate, check **ONE** of the six statements below and fill in any additional information as required, then proceed to the signature block.]

    \_\_\_\_ A mediation session with a court-appointed mediator was held on _____ [*enter date*], and as of this date, the parties have reached a settlement (*even if paperwork to memorialize the settlement remains to be completed*). (*If this box is checked, the parties are on notice that they must SEPARATELY file either a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in the case until a specified date upon which they will file a stipulation of dismissal.*)

    \_\_\_\_ A mediation session with a court-appointed mediator was held on _____ [*enter date*], and as of this date, the parties have not reached a settlement. The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

1

____ No mediation session with a court-appointed mediator was held during the 90-day stay, but the parties have nevertheless settled the case. (*If this box is checked, the parties are on notice that they must SEPARATELY file a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in this case until a specified date upon which they will file a stipulation of dismissal.*)

____ No mediation session with a court-appointed mediator was held during the 90-day stay, but one is currently scheduled for _____ [*enter date*].

____ No mediation session with a court-appointed mediator was held during the 90-day stay, and as of this date, no date certain has been scheduled for such a session.

____ None of the above five statements describes the status of this case. Contemporaneously with the filing of this report, the Office of the Attorney General of the State of Nevada is filing a separate document detailing the status of this case.

* * * * *

**Situation Two: Informal Settlement Discussions Case**: **The case was NOT assigned to mediation with a court-appointed mediator during the 90-day stay; rather, the parties were encouraged to engage in informal settlement negotiations.** [If this statement is accurate, check **ONE** of the four statements below and fill in any additional information as required, then proceed to the signature block.]

____ The parties engaged in settlement discussions and as of this date, the parties have reached a settlement (*even if the paperwork to memorialize the settlement remains to be completed*). (*If this box is checked, the parties are on notice that they must SEPARATELY file either a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in this case until a specified date upon which they will file a stipulation of dismissal.*)

____ The parties engaged in settlement discussions and as of this date, the parties have not reached a settlement. The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

____ The parties have not engaged in settlement discussions and as of this date, the parties have not reached a settlement. The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

____ None of the above three statements fully describes the status of this case. Contemporaneously with the filing of this report, the Office of the Attorney General of the State of Nevada is filing a separate document detailing the status of this case.

Submitted this _____ day of _____, _____ by:

Attorney Name: _____      _____
                        Print                                Signature

Address: _____      Phone:

1

Email: