UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BRYAN BONHAM, | Case No. 2:20-cv-01768-RFB-EJY |
| Plaintiff, | **ORDER** |
| v. | |
| NEVADA DEPT. OF CORRECTIONS, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion for Sanctions (ECF No. 10) and Defendants' Motion for Leave to File a Late Response to Plaintiff's Motion (ECF No. 19). The Court has considered these motions, as well as Defendants' Response to Plaintiff's Motion (ECF No. 18).

**I.    BACKGROUND**

Plaintiff initiated this lawsuit with a Motion for a Preliminary Injunction challenging the constitutionality of the Nevada Department of Corrections' COVID-19 restrictions on outdoor recreation time. ECF No. 3. The Attorney General for the State of Nevada, specially appearing for the purpose of responding to the Preliminary Injunction Motion, filed a Response on December 18, 2020. ECF No. 7. On December 29, 2020, Plaintiff filed a Reply and identical Motion for Sanctions. ECF Nos. 9, 10.

Plaintiff's Motion for Sanctions contends that counsel for Defendants "committed fraud upon the court, and perjury by making false statements." ECF No. 10 at 3. Plaintiff points to numerous statements that defense counsel made in response to Plaintiff's Preliminary Injunction Motion, and contends they are knowingly false. For example, defense counsel stated that Plaintiff has sufficient space in his cell to engage in exercise. ECF No. 7 at 3, 6. Plaintiff contends that counsel misleads the Court with this suggestion, because housing rules do not allow exercise in cells. ECF No. 10 at 5. Plaintiff also takes issue with defense counsel's contention that the "hanger room" in which Plaintiff used to work has large cargo doors that "remain open throughout the day," allowing sunlight and fresh air into the room. Plaintiff contends that those doors are in fact not always open, but only

1

open when trucks are picking up or delivering cargo. Plaintiff contends that these and other alleged falsehoods violate 28 U.S.C. §1746, 18 U.S.C. §1621, and Nevada Revised Statutes ("NRS") 239.320 and 199.120.

## II. DISCUSSION

### A. Plaintiff's Motion for Sanctions is denied.

To the extent Plaintiff brings this motion under 20 U.S.C. § 1746, 18 U.S.C. §1621, or NRS. 239.320 and 199.120, the relief he seeks is not available to him. 28 U.S.C. § 1746 merely describes the procedural requirements for an unsworn declaration under penalty of perjury. It does not provide for sanctions if a party does not comply with those requirements. 18 U.S.C. § 1621 is a federal criminal statute prohibiting perjury. NRS. 193.130 and 239.320 are state criminal statutes prohibiting perjury and the falsification of public papers, respectively. Criminal statutes like these generally "do not give rise to civil liability." *See Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980)), *cert. denied*, 549 U.S. 1231 (2007). These statutes authorize criminal charges to be brought by the appropriate government agencies; they do not authorize the imposition of sanctions in a civil case.

Because Plaintiff levels his accusations against Defendants' counsel, the Court alternatively construes this Motion as one brought under Federal Rule of Civil Procedure 11(c). Counsel did not make any of the statements in Defendants' Response under oath, as Plaintiff appears to contend. Rather, Rule 11(b) states that by signing a pleading, counsel certifies that, to the best of their "knowledge, information, and belief," the pleading's factual contentions have evidentiary support. Fed. R. Civ. P. 11(b)(3). A party contending that an attorney violated Rule 11(b) may file a motion for sanctions against that attorney. Fed. R. Civ. P. 11(c)(2). However, the party seeking sanctions must provide the opposing party 21 days to correct or withdraw the offending pleading. *Id*. Plaintiff did not do so, and therefore this motion fails to comply with Rule 11. Even if he did comply with Fed. R. Civ. P. 11(c), Plaintiff has not provided persuasive evidence that defense counsel's statements were false or lack evidentiary support. Rather, it appears that Plaintiff merely disagrees with Defendants' legal and factual contentions. The Court will not award sanctions on that basis.

B. <u>Defendants' Motion to File a Late Response is granted.</u>

On January 13, 2021, Defendants filed a Motion for Leave to File a Late Response to Plaintiff's Motion for Sanctions, explaining that, due to a miscommunication between two of the attorneys representing Defendants about who would file the response, the opposition was not filed the day it was due. ECF No. 19 at 2. Defense counsel filed the response one day late, along with this Motion for Leave. Plaintiff did not file a response. The Court finds excusable neglect exists for the late filing and grants Defendants' Motion.

**III. ORDER**

IT IS HEREBY ORDERED that Plaintiff's Motion for Sanctions (ECF No. 10) is DENIED.

IT IS HEREBY ORDERED that Defendants' Motion for Leave to File Specially Appearing Defendants' Opposition to Plaintiff's Motion for Sanctions One Day Late (ECF No. 19) is GRANTED.

Dated this 8th day of June, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE