UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRYAN BONHAM,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF NEVADA, ex rel, et al.,<br><br>    Defendants. | Case No. 2:20-cv-01768-RFB-EJY<br><br>**REPORT AND RECOMMENDATION**<br><br>RE:  ECF Nos. 123, 136 |

    Pending before the Court is Plaintiff Bryan Bonham's Second Amended Complaint. ECF No. 123. Also pending is Plaintiff's Motion to Request Leave to File Supplemental Pleadings under Rule 15(d). ECF No. 136. Together these documents are 199 pages long. In this Order, the Court exercises its inherent authority to *sua sponte* screen cases that are "transparently defective" in order to "save everyone time and legal expense." *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003).

    Rule 8(a) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(d)(1) states that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(3) states that a complaint must include "a demand for the relief sought …." A complaint having the factual elements of a cause of action scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

    Plaintiff names approximately 30 Defendants who cannot be expected to decipher Plaintiff's pleadings and respond to such length and prolixity. *Fritz v. County of Kern*, Case No. CV-F-07-377 OWW/TAG, 2009 WL 382741, at \*2 (E.D. Cal. Feb. 13, 2009). Indeed, the Court is empowered to dismiss, without leave to amend, an excessively long and prolix complaint. *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011). As explained in *Cafasso*, allowing Plaintiff to proceed with his SAC and supplement thereto would "burden … [Defendants] with the onerous task of combing through [an excessively long complaint] just to prepare an answer that

admits or denies such allegations, and to determine what claims and allegations must be defended or otherwise litigated." *Id*. "[T]he very prolixity of the complaint ma[kes] it difficult to determine just what circumstances were supposed to have given rise to the various causes of action." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).

Here, the Court does not recommend dismissal with prejudice. Instead, the Court recommends dismissal without prejudice, and that Plaintiff be given **one** additional opportunity to file a proposed Third Amended Complaint that complies with the Rules of Civil Procedure and allows Defendants a reasonable opportunity to respond.

**Recommendation**

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's Second Amended Complaint (ECF No. 123) be DISMISSED without prejudice.

IT IS FURHTER RECOMMENDED that Plaintiff's Motion to Request Leave to File Supplemental Pleadings (ECF No. 136) be DENIED.

IT IS FURTHER RECOMMENDED that Plaintiff be given **one** additional opportunity to file a complaint that complies with Rule 8 of the Federal Rules of Civil Procedure. Plaintiff must carefully consider who he wishes to include as a defendant and then in short plain paragraphs allege the facts supporting the violation of his federal or constitutional rights alleged.

IT IS FURTHER RECOMMENDED that Plaintiff be limited to filing a proposed Third Amended Complaint that is **no more than forty (40) pages long**.

IT IS FURTHER RECOMMENDED that Plaintiff be given until **November 30, 2023**, to file his Third Amended Complaint.

IT IS FURTHER RECOMMENDED that if Plaintiff fails to comply with this Order, the Court dismiss the action without prejudice allowing Plaintiff to initiate a new action, if he so chooses, when he is able to file a complaint that complies with the Rules of Civil Procedure.

Dated this 3rd day of October, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).