UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRYAN BONHAM,<br><br>  Plaintiff,<br><br>  v.<br><br>STATE OF NEVADA, ex rel, et al.,<br><br>  Defendants. | Case No. 2:20-cv-01768-RFB-EJY<br><br>**REPORT AND RECOMMENDATION**<br><br>RE: ECF Nos. 135, 137, 138, 139 |

    Pending before the Court is Plaintiff Bryan Bonham's Request to File Supplemental Pleading to Add Back Defendants to Complaint (ECF No. 135), Motion to Request Leave to File the Foregoing Supplemental Pleading (ECF No. 137), Supplemental Pleading to Add New Defendants (ECF No. 138), and Supplemental Pleading and Request to Add Newly Discovered Defendants (ECF No. 139). Together, these documents are 321 pages long.

    In its October 3, 2023 Report and Recommendation, the Court recommended dismissing Plaintiff's Second Amended Complaint and Motion to Request Leave to File Supplemental Pleadings under Rule 15(d) because together they were 199 pages long and the prolixity of the complaint fails to comply with procedural rules. ECF No. 140. Plaintiff has now filed the instant additional filings further supporting the Court's conclusion and recommendation in ECF No. 140. With regard to Plaintiff's additional filings, the Court again exercises its inherent authority to *sua sponte* screen cases that are "transparently defective" in order to "save everyone time and legal expense." *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003).

    Rule 8(a) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(d)(1) states that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(3) states that a complaint must include "a demand for the relief sought …." A complaint having the factual elements of a cause of action scattered throughout the complaint and not organized into a "short and plain

1

statement of the claim" may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

Plaintiff names approximately 17 additional Defendants who cannot be expected to decipher Plaintiff's pleadings and respond to such length and prolixity. *Fritz v. County of Kern*, Case No. CV-F-07-377 OWW/TAG, 2009 WL 382741, at *2 (E.D. Cal. Feb. 13, 2009). Indeed, the Court is empowered to dismiss, without leave to amend, an excessively long and prolix complaint. *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011); *See also* ECF No. 140.

In accordance with its Order in ECF No. 140, the Court recommends that ECF Nos. 135, 137, 138, and 139 be denied.

### Recommendation

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's Request to File Supplemental Pleading to Add Back Defendants to Complaint (ECF No. 135), Motion to Request Leave to File the Foregoing Supplemental Pleading (ECF No. 137), Plaintiff's Supplemental Pleading to Add New Defendants (ECF No. 138) and Plaintiff's Supplemental Pleading and Request to Add Newly Discovered Defendants (ECF No. 139) be DENIED.

Dated this 5th day of October, 2023.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).