UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BRYAN BONHAM,<br><br>  Plaintiff,<br><br>v.<br><br>STATE OF NEVADA, ex rel, et al.,<br><br>  Defendants. | Case No. 2:20-cv-01768-RFB-EJY<br><br>**REPORT AND RECOMMENDATION**<br><br>RE:  ECF Nos. 143, 144, 145, 148 |

### I.     Introduction

Pending before the Court is Plaintiff's Third Amended Civil Rights Complaint (the "TAC"), the Addendum thereto, and the Supplemental Pleading and Request to Add Newly Discovered Counts (the "Supplement").  ECF Nos. 144, 145, 148.  Plaintiff's claims are, at best, scattered, intermittently repetitive, intertwined, difficult to decipher, and at times fantastic.[1]

### II.    Summary of Plaintiff's Third Amended Complaint

Plaintiff's TAC and Supplement assert fifteen causes of action against a minimum of 32 defendants based largely on various, often intertwined, and repetitive alleged violations of the First, Eighth, and Fourteenth Amendments to the U.S. Constitution.  These claims most often appear to arise from alleged lockdowns, limited access to yard time, limited access to the law library, failing to process legal mail, denials of procedural due process, a loss of a liberty interest, ill-defined retaliation, and occasional contentions regarding untrue responses to grievances by prison staff. Plaintiff adds violations of the Nevada Constitution Art. 1, § 8, a slew of Nevada Revised Statute violations, and there is at least one throwaway line regarding lack of access to religious services.

As best the Court can decipher, Plaintiff says there were fights between prisoners in which he was not involved, and threats by unidentified corrections officers.  At one point Plaintiff asserts a Fraudulent Misrepresentation of Material Fact claim (a potential sixteenth claim for relief)

---

[1]    Plaintiff's Motion for Appointment of Counsel is also awaiting a ruling from the Court.  ECF No. 143.

apparently having something to do with rights to the law library and outdoor exercise; however the claim is not pleaded with particularity. Plaintiff does not name specific individuals who allegedly perpetrated the alleged fraud, but instead refers generally to defendants. Plaintiff suggests numerous wardens, acting wardens, and associate wardens allowed the violations of his rights by all sorts of prisons staff. Finally, although Plaintiff is not specific, the timing of the claims appear to center around the COVID 19 pandemic.

### III.     Discussion

Plaintiff's TAC and Supplemental is 70 pages without exhibits and 95 pages in total. Plaintiff's TAC and Supplement also name no less than 32 defendants. These documents violate Federal Rule of Civil Procedure 8(a). Rule 8(a) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(d)(1) states that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(3) states that a complaint must include "a demand for the relief sought …." A complaint having the factual elements of a cause of action scattered throughout the complaint and not organized into a "short and plain statement of the claim[s]" may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

Plaintiff's scattered, repetitive, difficult to decipher allegations defy the words "short and plain" and are far from "concise and direct." *Fritz v. County of Kern*, Case No. CV-F-07-377 OWW/TAG, 2009 WL 382741, at *2 (E.D. Cal. Feb. 13, 2009). Instead, the intertwined and intermittent repetition of names and causes of action, spread throughout 70 pages, renders analysis and adjudication by defendants impossible. *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997) (citations omitted) (Rule 8 of the Federal Rules of Civil Procedure requires a complaint to plead sufficient facts to give a defendant fair notice of the claims against him and the grounds upon which it rests). *See also Sparling.,* 864 F.2d at 640

The Court is empowered to dismiss, without leave to amend, an excessively long and prolix complaint. *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011). As previously explained to Plaintiff, Ninth Circuit case law holds that allowing Plaintiff to proceed with a complaint such as the TAC and Supplement would "burden … [defendants] with the onerous task

of combing through [a long and complicated pleading] just to prepare an answer that admits or denies such allegations, and to determine what claims and allegations must be defended or otherwise litigated." *Id*. "[T]he very prolixity of the complaint ma[kes] it difficult to determine just what circumstances were supposed to have given rise to the various causes of action." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).

After an attempt to understand Plaintiff's TAC and Supplement, the Court finds the circumstances presented here are such that allowing Plaintiff's claims to proceed would create a substantial unfair burden on potential defendants and this Court. *Polk v. Beard*, Case No. EDCV 13–1211–BRO (RNB), 2014 WL 4765611, at *8 (C.D. Cal. Jun. 20, 2014) (internal citation omitted) ("[p]rolix, confusing complaints … impose unfair burdens on litigants and judges."). Plaintiff has also had multiple opportunities to file a complaint compliant with the Rules of Civil Procedure. *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." (citation and internal quotation marks omitted)). Based on the foregoing, the Court concludes a recommendation to dismiss is warranted.

**IV. Recommendation**

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's Third Amended Complaint (ECF No. 144) be dismissed without prejudice, but without leave to amend.

IT IS FURTHER RECOMMENDED that the Addendum thereto (ECF No. 145) be DENIED.

IT IS FURTHER RECOMMENDED that the Supplemental Pleading and Request to Add Newly Discovered Counts (ECF No. 148) be dismissed without prejudice, but without leave to amend.

IT IS FURTHER RECOMMENDED that this matter be dismissed without prejudice.

IT IS FURTHER RECOMMENDED that because this matter is recommended for dismissal, Plaintiff's Motion for Appointment of Counsel (ECF No. 143) be DENIED.

Dated this 27th day of November, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." (citation and internal quotation marks omitted)).708 F.2d 452, 454 (9th Cir. 1983).