UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

BRYAN P. BONHAM,

　　　　　　Plaintiff,

　　v.

STATE OF NEVADA, ex rel, et al.,

　　　　　　Defendants.

Case No. 2:20-cv-01768-RFB-EJY

**ORDER**

Before the Court is the Report and Recommendation (ECF No. 150) of the Honorable Elayna J. Youchah, United States Magistrate Judge, as well as Plaintiff's motions: ECF Nos. 131, 132, 133, 135, 136, 137, 138, 139, 145, 146, 147, 148, 154, 156, 157, 159, as well as the Magistrate Judge's previous Report and Recommendations: ECF Nos. 140 and 142. For the following reasons, the Court adopts the Report and Recommendation in full and finds the remaining pending motions and prior Report and Recommendations to be moot.

I.　　**LEGAL STANDARD**

　　a.　**Report and Recommendation**

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule IB 3-2(a). When written objections have been filed, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Local Rule IB 3-2(b). Where a party fails to object, however, a district court is not required to conduct

"any review," de novo or otherwise, of the report and recommendations of a magistrate judge. Thomas v. Arn, 474 U.S. 140, 149 (1985).

### b.  Rule 8(a) of the Federal Rules of Civil Procedure

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Although the allegations of a pro se complaint, "however inartfully pleaded," should be held "to less stringent standards than formal pleadings drafted by lawyers," Hughes v. Rowe, 449 U.S. 5, 9 (1980), a pro se complaint must still "give fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957); Jones v. Comty. Redev. Agency of City of Los Angeles, 733 F.2d 646, 649 (9th Cir. 1984). "[A] pleading that [is] needlessly long, or... highly repetitious, or confused, or consist[s] of incomprehensible rambling" violates Rule 8(a). Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1059 (9th Cir. 2011) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1217 (3d ed. 2010)).

Dismissal is appropriate where the complaint fails to meet the requirements of Rule 8(a). Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981) (dismissal under Rule 8 was not an abuse of discretion where the complaint was "verbose, confusing and conclusory"); McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint under Rule 8 because it was "argumentative, prolix, replete with redundancy, and largely irrelevant"). Dismissal under Rule 8(a) does not depend on the merits of the claim: Rule 8's requirements "appl[y] to good claims as well as bad, and [are] a basis for dismissal independent of Rule 12(b)(6)." McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996).

## II.   DISCUSSION

### a.  The Magistrate Judge's Report and Recommendation

The Honorable Elayna J. Youchah, United States Magistrate Judge, issued her Report and Recommendation on November 27, 2023. ECF No. 150. Pursuant to Local Rule IB 3-2(a), objections were due by December 11, 2023. Plaintiff timely objected on December 1, 2023. ECF No. 153. The Court therefore must conduct a de novo determination of the Magistrate Judge's Report and Recommendation.

The Magistrate Judge's Report and Recommendation recommends that the Third Amended Civil Rights Complaint (the "TAC") and the Supplemental Pleading and Request to Add Newly Discovered Counts (the "Supplement") be dismissed without prejudice. The Report further recommends that the Addendum to the TAC be denied. ECF Nos. 144, 145, 148. Finally, the Report recommends that the entire matter be dismissed without prejudice.

The Report reasons that the "intertwined and intermittent repetition of names and causes of action, spread throughout [Plaintiff's 70-page TAC and Supplemental], renders analysis and adjudication by defendants impossible." ECF No. 150 (citing Yamaguchi v. United States Department of Air Force, 109 F.3d 1475, 1481 (9th Cir. 1997)). The Report further finds that the sanction of dismissal without prejudice, but without leave to amend, is warranted because Plaintiff has been provided multiple opportunities to file a complaint that is compliant with the Rules of Federal Civil Procedure. ECF No. 150 (citing Cafasso, 637 F.3d at 1059; McHenry, 84 F.3d at 1178.

In his Objection, Plaintiff argues that he is not legally trained and gets less than two hours in the law library each week. He requests leave to file a Fourth Amended Complaint and states that he can reduce the length of that complaint by removing some defendants and case citations. He also requests appointment of counsel. ECF No. 153.

### a.  The Court Strikes Plaintiff's Improperly Filed "Fourth Amended Complaint"

After filing his Objection to the Magistrate Judge's Report and Recommendation, Plaintiff subsequently filed a "Fourth Amended Complaint" without leave of the Court. ECF No. 155.

Local Rule 7-2 provides that a party "may not file supplemental . . . briefs, authorities, or evidence without leave of court granted for good cause," and the court may "strike supplemental filings made without leave of the court." LR 7-2(g). District courts have inherent power to control their own dockets, including the power "to determine what appears in the court's records." Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404-05 (9th Cir. 2010). Whether to grant a motion to strike lies within the discretion of the district court. Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010); Novva Ausrustung Grp., Inc. v. Kajioka, No. 2:17-cv-01293-RFB-VCF, 2017 U.S. Dist. LEXIS 108614, at *5-6 (D. Nev. July 13, 2017).      Accordingly,       the

Court strikes the Fourth Amended Complaint, limits its review to the TAC, and conducts a de novo determination of the specific findings and recommendations in the Report and Recommendation that Plaintiff objects to.

**b.  The Court Adopts the Report and Recommendation in Full**

The Court has conducted a de novo determination of the Magistrate Judge's Report and Recommendation and concurs with the Magistrate Judge's findings and recommendations. The Court finds that dismissal of the Third Amended Complaint, Supplemental, and this matter without prejudice is proper because the TAC and Supplemental fail to comply with the requirements of Rule 8(a) of the Federal Rules of Civil Procedure. The TAC is prolix, confusing, full of redundancies, and fails to allege clearly the bases for the claims.

First, Plaintiff brings nine "causes of actions" against at least 30 Defendants. However, within each "cause of action," he repeatedly asserts multiple violations of different constitutional and statutory rights based on unrelated legal theories and factual allegations. For instance, in Counts One, Two, and Three, Plaintiff simultaneously asserts violations of the First, Eighth, and Fourteenth Amendments to the U.S. Constitution as well as Article I, Section 8 of the Nevada Constitution. In Count Four, Plaintiff again alleges violations of the First, Eighth, and Fourteenth Amendments—all within the same "cause of action."

Second, many of Plaintiff's allegations are conclusory and fail to identify the specific acts committed by specific defendants that give rise to his claim. For example, Plaintiff writes, "the following civil rights have been violated [listing four U.S. Constitutional Amendments and one Nevada Constitutional provision] . . . [by] allowing plaintiff to be retaliated upon/against by all defendants cited to herein." Indeed, despite asserting at least five separate rights violations in Count One, Plaintiff only identifies a single Defendant in Count One, Heather Cook, as responsible for one aspect of his First Amendment claim.

Moreover, the factual bases for each individual "claim-within-a-claim" are scattered throughout the TAC. Plaintiff alleges violations of the same constitutional right (e.g. a First Amendment violation) under multiple counts in different variations and based on similar or slightly different factual allegations. Compare ECF No. 150 at 12 (asserting an access to courts claim in

Count One against Heather Cook based on denying Plaintiff the required legal mail and refusing to accept legal mail), with id. at 14 (asserting what appears to be an access to courts and retaliation claim in Count Three against Heather Cook and Lisa M. Garcia for refusing to take and accept legal mail and Garcia's failure to pick up and accept a notice of appeal). See Sparling v. Hoffman Constr. Co., 864 F.2d 635, 640 (9th Cir. 1988) (Finding that a complaint is deficient under Rule 8 where the factual elements of a cause of action are scattered throughout the complaint and not organized into a "short and plain statement of the claim").

In sum, the Court finds that "the very prolixity of the complaint ma[kes] it difficult to determine just what circumstances were supposed to have given rise to the various causes of action." Cafasso, 637 F.3d at 1058; see also Hatch v. Reliance Ins. Co., 758 F.2d 409, 415 (9th Cir.1985) (upholding a Rule 8(a) dismissal of a complaint that "exceeded 70 pages in length, [and was] confusing and conclusory"). A complaint of this nature "impose[s] an unfair burden on the Court and litigants" and puts Defendants at risk that "plaintiffs will surprise them with something new at trial which they reasonably did not understand to be in the case at all, and that res judicata effects of settlement or judgment will be different from what they reasonably expected." Cafasso, 637 F.3d at 1059.

The Court further finds that dismissal without leave to amend is appropriate as Plaintiff has had multiple opportunities to amend his complaint and has been warned by this Court on at least two occasions that a complaint which fails to comply with Rule 8(a) would be dismissed. See ECF Nos. 140, 142. Plaintiff has submitted four amended complaints in this case, including two without leave of the Court, and each one has suffered from the same deficiencies. See e.g., ECF No. 123 at 63 - Second Amended Complaint ("Count Twenty One" asserting claims under twelve separate constitutional provisions, statutes, and administrative regulations); ECF No. 155 - Fourth Amended Complaint ("Count Three" asserting claims under three U.S. Constitutional provisions, six federal and state statutes, four state administrative regulations, and two Nevada Constitutional provisions).

Plaintiff argues in his Objection to the Report and Recommendation that he can shorten the length by removing case citations and defendants, but the Magistrate Judge's recommendations

were only partially based on the TAC's excessive length. <u>See Hearns v. San Bernardino Police Dep't</u>, 530 F.3d 1124, 1131 (9th Cir. 2008) (finding excessive length alone is insufficient to dismiss a complaint). Thus, Plaintiff's argument only demonstrates his continued inability or refusal to comply with the Rules of Federal Civil Procedure and this Court's guidance. <u>See</u> ECF No. 150 (citing <u>Sisseton-Wahpeton Sioux Tribe v. United States</u>, 90 F.3d 351, 355 (9th Cir. 1996) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.")).

Based on the foregoing, the Court therefore adopts Judge Youchah's Report and Recommendation in full and dismisses the TAC and Supplemental without prejudice, but without leave to amend. ECF Nos. 144, 148. The Court also denies Plaintiff's Addendum thereto. ECF No. 145. If Plaintiff wishes to pursue his claims, he must file a complaint in a new case and provide the Court with his current address and either pay the required filing fee or properly apply for *in forma pauperis* status. No other documents may be filed in this now-closed case.

Plaintiff is further advised that he must separate his allegations by legal claims—each "Count" or "Cause of Action" must be limited to a **single** constitutional, statutory, or administrative violation. The cause of action/count should identify the **single** violation of Plaintiff's rights that is being asserted and then identify the specific acts committed by specific defendants that form the basis for that specific violation under that cause of action/count. For example, if Plaintiff were to bring claims asserting violations of the Eighth, Fourteenth, and First Amendments to the U.S. Constitution, he would separate these violations by count/cause of action. For instance, his first cause of action could be named, "Count One—Violations of the Eighth Amendment." Under this count, Plaintiff would allege every factual allegation pertaining to his Eighth Amendment claim and identify the specific defendant(s) who are alleged to have committed the Eighth Amendment violations in the Eighth Amendment count only. His second cause of action could be entitled "Count Two—Violations of the Fourteenth Amendment." In this count, he would allege every factual allegation pertaining to his Fourteenth Amendment claim and identify the specific defendant(s) who are alleged to have committed the Fourteenth Amendment violations in the Fourteenth Amendment count only, and so on. The Court and litigants will not comb through

each count of the complaint to identify the specific acts and specific defendants that form the basis for a single legal claim.

### c. The Court Denies Plaintiff's Motion for Appointment of Counsel

Separately, the Court construes Plaintiff's request for counsel within his Objection to the Magistrate Judge's Report and Recommendation as a Motion for Appointment of Counsel. United States v. Seesing, 234 F.3d 456, 462 - 63 (9th Cir. 2000) (noting obligation of court to liberally construe pro se motions from people who are incarcerated). Plaintiff previously filed a Motion for Appointment of Counsel on October 23, 2023, which the Magistrate Judge denied in light of the fact that the matter had been recommended for dismissal. ECF No. 150.

Civil litigants do not have a Sixth Amendment right to appointed counsel. Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). In limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. For example, courts have discretion, under 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." Agyeman v. Corrections Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004).

To determine whether the "exceptional circumstances" necessary for appointment of counsel are present, the court evaluates (1) the "likelihood of plaintiff's success on the merits," and (2) the plaintiff's ability to articulate his claim pro se "in light of the complexity of the legal issues involved." Id. A court may find that "exceptional circumstances" exist if a claim is either factually or legally complex. See McElyea v. Babbitt, 833 F.2d 196, 200 n.3 (9th Cir. 1987) (per curiam). Neither of these factors is dispositive and both must be viewed together. Wilborn, 789 F.2d at 1331. It is within the court's discretion whether to request that an attorney represent an indigent civil litigant under 28 U.S.C. § 1915(e)(1). Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

At this time, the Court finds that Plaintiff has failed to show a likelihood of success on the merits or demonstrate that his legal claims are particularly complex. Therefore, no exceptional circumstances are present, and the Court denies Plaintiff's Motion for Appointment of Counsel without prejudice.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that the Report and Recommendation (ECF No. 150) is ACCEPTED and ADOPTED in full.

**IT IS FURTHER ORDERED** that Plaintiff's Third Amended Complaint (ECF No. 144) is DISMISSED without prejudice, but without leave to amend.

**IT IS FURTHER ORDERED** that the Addendum thereto (ECF No. 145) is DENIED.

**IT IS FURTHER ORDERED** that the Supplemental Pleading and Request to Add Newly Discovered Counts (ECF No. 148) is DISMISSED without prejudice, but without leave to amend.

**IT IS FURTHER ORDERED** that this matter is DISMISSED without prejudice.

**IT IS FURTHER ORDERED** that the remaining pending motions: ECF Nos. 131, 132, 133, 135, 136, 137, 138, 139, 146, 147, 154, 156, 157, 159, as well as the two prior Reports and Recommendations: ECF Nos. 140, 142 are deemed MOOT.

The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Plaintiff wishes to pursue his claims, he must file a complaint in a new case and provide the Court with his current address and either pay the required filing fee or properly apply for pauper status.

DATED: July 11, 2024.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**